UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA GLEICH, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    05 C 1415 |
| KIMBERLY LEOPARDO, LAURA DAVIS, and LISA MACIEL, | ) )    Judge George M. Marovich ) ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cynthia Gleich ("Gleich") has filed a two-count amended complaint against defendants Kimberly Leopardo ("Leopardo"), Laura Davis ("Davis") and Lisa Maciel ("Maciel"). The Court has previously dismissed other defendants (Tastefully Simple, Inc., John Does 1-10 and XYZ Corporations 1-10). The Court also dismissed four counts against Leopardo, Davis and Maciel for failure to state a claim. In her amended complaint, Gleich asserts that Leopardo, Davis and Maciel tortiously interfered with a contractual relationship and defamed her. Once again, defendants Leopardo, Davis and Maciel move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the complaint. For the reasons set forth below, the Court denies the motion to dismiss.

### I.     Background

For purposes of defendants' 12(b)(6) motion, the Court takes as true the allegations in the complaint. The Court also considers the exhibits attached to plaintiff's complaint. *See* Fed.R.Civ.P. 10(c).

In a previous opinion in this case, the Court outlined the relevant facts, and it is not necessary to repeat them all here. It suffices to note that plaintiff and defendants each, at various points, signed a "Consultant Agreement" with Tastefully Simple, Inc, which markets food products via a pyramid marketing structure. Originally, defendant Leopardo was directly above plaintiff Gleich on the pyramid, and Gleich was directly above both Davis and Maciel. Plaintiff's claims arise out of Tastefully Simple, Inc.'s alleged decision to rearrange the pyramid such that Davis and Maciel were directly below Leopardo on the pyramid, instead of directly below Gleich. Plaintiff alleges that Leopardo, Davis and Maciel tortiously interfered with Gleich's contractual relations. Plaintiff also alleges that Davis and Maciel defamed her.

## II.     Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As the Seventh Circuit recently admonished:

> Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of. . . .  Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain . . ." should stop and think: What rule of law *requires* a complaint to contain that allegation.

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).

**III.    Discussion**

The parties implicitly agree that the Court should apply Minnesota law to plaintiff's state law causes of action in this diversity case.

**A.    Gleich's tortious interference claim**

In Count I, Gleich asserts against defendants Leopardo, Davis and Maciel a claim for tortious interference with contractual relations. To state a claim for tortious interference under Minnesota law, a plaintiff must allege (1) the existence of a contract; (2) about which the defendant(s) knew; (3) of which the defendants intentionally procured a breach without justification; and (4) that the plaintiff was injured as a direct result. *Dyrdal v. Golden Nuggets, Inc.*, 672 N.W. 2d 578, 587-588 (Minn. Ct. App. 2003), *aff'd* 689 N.W. 2d 779 (Minn. 2004). Previously, the Court dismissed this claim because the plaintiff had failed to allege that defendants' alleged actions were taken without justification. Plaintiff has cured that defect.

Still, defendants argue that plaintiff must go further than pleading a lack of justification. Defendants argue that they had a legally protected interest at issue and, accordingly, that plaintiffs must plead additional facts. The Court disagrees. The issue of whether defendants had a legally protected interest is, essentially, the same issue as justification. *See Kjesbo v. Ricks*, 517 N.W.2d 585, 588 (Minn. 1994). Plaintiff has alleged that defendants' actions were without justification, and that is enough to survive a motion to dismiss.

**B.    Gleich's defamation claim**

In Count II, Gleich alleges that defendants Davis and Maciel defamed her by stating that plaintiff "has violated Tastefully Simple's Policies by failing to TRIM me (us) and the other distributors on her front line." Previously, the Court dismissed the claim (with leave to amend)

because plaintiff failed to allege the defamatory statements verbatim, as is required to state a claim under Minnesota law. *Glenn v. Daddy Rocks, Inc.*, 171 F. Supp.2d 943 (D. Minn. 2001) (citing *Moreno v. Crookston Times Printing Co.*, 610 N.W. 2d 321, 326 (Minn. 2000)).

Defendants argue that the quotation is simply conjecture and, thus, fails to meet the pleading requirement. This Court disagrees. All that is required is a verbatim statement. Whether defendants actually made the statement is an issue for later proceedings. The allegations meet the requirements of notice pleading under the Federal Rules of Civil Procedure.

## IV. Conclusion

For the reasons set forth above, the Court denies defendants' motion to dismiss. This case is set for status on May 17, 2006 at 11:00 a.m.

ENTER:

/s/ George M. Marovich
_____
George M. Marovich
United States District Judge

DATED: 04/07/06